IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANET S. JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>SALT LAKE COMMUNITY COLLEGE, DAVID BURKE, and KEVIN SPRAGUE, individuals, and JOHN DOES 1-10.<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS<br><br><br><br><br><br>Case No. 2:04-CV-1183  TS |

      This matter comes before the Court on Defendant Kevin Sprague's Motion to Set Aside Default Certificate[1] and Motion to Quash Service of Process and to Dismiss Summons and Complaint.[2]

      Plaintiff in this action filed her Complaint, which alleges, among other claims, violations of Title VII by Defendant, on December 28, 2004.  Defendant was served with a Summons and copy of the Complaint on October 17, 2006.  Defendant failed to respond to the Complaint.

---

[1]Docket No. 55.

[2]Docket No. 51.

1

Plaintiff then filed a Motion for Entry of Default against Defendant on December 13, 2006. The Clerk entered default against Defendant on December 14, 2006.

Defendant contends that setting aside the default is appropriate for several reasons. First, Defendant claims that he did not intentionally fail to respond, but failed to do so because of lack of knowledge or experience with the judicial process. Defendant argues that he was prompt to move to set aside the default. Second, Defendant claims that he has many meritorious defenses in this action, including qualified immunity, statutory defenses, and invalidity of state law claims. Finally, Defendant contends that setting aside the default would not be prejudicial to Plaintiff because the motion to set aside the default was filed promptly after Plaintiff moved for default.

Plaintiff has not responded to Defendant's motion.

"For good cause shown the court may set aside an entry of default."[3] The relevant factors for vacating an entry of default include determining whether "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the entry of default."[4] "A court need not consider all of the factors, and may consider other factors as well."[5]

The Court finds that Defendant has made a sufficient showing to justify setting aside the entry of default, and will grant Defendant's Motion for the above-mentioned reasons.

---

[3] Fed. R. Civ. P. 55(c).

[4] *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. 2003) (unpublished opinion).

[5] *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005) (unpublished opinion).

Defendant next asks the Court to dismiss Plaintiff's Complaint for untimely service. Plaintiff argues that she had good cause for her failure to serve Defendant, namely, that she could not find him. Plaintiff specifically argues that she attempted to locate Defendant through contacts with current and ex-employees of Defendant Salt Lake Community College ("SLCC"), and interrogatories and document production requests.[6] Plaintiff further argues that good cause exists because Defendant and SLCC share counsel, and because the issues and defenses that SLCC has developed through discovery can be used to defend Defendant. Finally, Plaintiff argues that she would be prejudiced if the Court dismissed the action because the limitations period for the Title VII claims has expired.

Defendant replies that Plaintiff's data search was too late and cannot constitute good cause. Defendant also contends that the Court should not extend the time to allow Plaintiff's service. Finally, Defendant argues that Plaintiff's argument addressing the statute of limitations is inapposite because Title VII does not allow relief against individual employees.

Fed. R. Civ. P. 4(m) states that

> If service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for failure, the court shall extend the time for service for an appropriate period.

---

[6] Plaintiff contends that she was only able to find Defendant through an online search in October of 2006.

Also, whether "good cause" exists to extend the time for service is within the discretion of the Court.[7]

The Court finds that, while Plaintiff only narrowly does so, she has demonstrated sufficient good cause for this Court to extend the time allowed for service. Significantly, the Court believes that very little would be accomplished by dismissing this action without prejudice. The default certificate being set aside, Defendant now has an opportunity to address the claims at issue on their merits.

It is therefore

ORDERED that Defendant Sprague's Motion to Set Aside Default Certificate (Docket No. 55) is GRANTED. It is further

ORDERED that Defendant Sprague's Motion to Quash Service of Process and to Dismiss Summons and Complaint (Docket No. 51) is DENIED.

DATED   February 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997).